## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 18-2518** |
| | : | |
| **RACHAEL CIGLAR,** | : | |
| **Defendant.** | : | |

**KEARNEY, J.**                                                          **June 19, 2018**

## MEMORANDUM

Charles Talbert, a frequent *pro se* civil rights litigant who regularly challenges persons involved with his criminal convictions, sentences and incarceration including recently settling a case for unknown consideration, has now filed another *pro se* civil rights Complaint under 42 U.S.C. § 1983. He now sues Rachael Ciglar, a Probation Officer employed by the Philadelphia Adult Probation/Parole Department, arising from Mr. Talbert's view of his compliance with a state court judge's sentence of probation after being convicted for harassment less than two weeks ago. Not disclosing the consideration received for settling an earlier case before us, he also moves for leave to proceed *in forma pauperis*.[1] Relying upon Mr. Talbert's sworn representations of no present funds despite his recent settlement, we grant him leave to proceed *in forma pauperis* but, as he does not come close to pleading a civil rights claim against Officer Ciglar, we dismiss his Complaint with leave to amend.

**I.     Facts**

Less than two weeks ago, a Pennsylvania state court found Mr. Talbert guilty of one count of harassment and the state court judge sentenced him to a maximum of three months of probation.[2] The Sentence required Philadelphia's Adult Probation/Parole Department to

supervise Mr. Talbert and he attend NA or AA meetings at least two (2) times a week.[3] According to Mr. Talbert, "[r]eporting, or non-reporting was clearly unspecified within that Order under its conditions."[4]

Mr. Talbert alleges Probation Officer Rachel Ciglar ordered him, through a June 8, 2018 Contact Notice,[5] to report to her Philadelphia office on June 15, 2018 at 9:15 a.m. Mr. Talbert told Officer Ciglar "the Order of the Court did not mention that he was indeed required to report, but to only be on probation for [Ciglar] to supervise his drug treatment."[6] He alleges Officer Ciglar then threatened to have him arrested if he did not report to her office on June 15.[7]

On June 12, 2018, Mr. Talbert filed a petition for post-conviction relief, "to have said charge of harassment dismissed and probation vacated."[8] Three days later, on June 15, 2018, Mr. Talbert reported to the Adult Probation/Parole Department "out of consideration;" however, Officer Ciglar was not in.[9] Mr. Talbert alleges he "unnecessarily waited for almost a complete hour to be seen."[10] Mr. Talbert "had other important legal issues to attend to in City Hall" on that day, and told Officer Ciglar's supervisor, Mr. Padilla, "that he needed to go."[11] Mr. Padilla "threatened to have [Officer Ciglar] place a warrant on [Mr. Talbert] to be arrested if he did not appear back at the office at 3:00 p.m."[12] Rather than returning to the probation office on June 15, 2018, Mr. Talbert came immediately came to this Court and sued Officer Ciglar.

Mr. Talbert alleges Officer Ciglar retaliated against him for exercising "his First Amendment right to petition against employees of the [Adult Probation/Parole Department], and in an abuse of process, and abuse of authority manner, used her authority to harass, oppress, and threaten" him.[13] He alleges Officer Ciglar caused him to be "mentally and physically in fear of incarceration, only for him exercising his right to challenge her issue with reporting to her office

was not mentioned anywhere in the aforesaid Order."[14] Mr. Talbert does not specify a claim for relief.

## II. Analysis

### A. We grant Mr. Talbert leave to proceed *in forma pauperis.*

We grant Mr. Talbert leave to proceed *in forma pauperis* because he swears he is not capable of paying the fees necessary to commence this action. We are aware – as we are assigned all of Mr. Talbert's frequent *pro se* filings – of his recent settlement of claims in Civil Action No. 16-1408. We do not know the consideration for his settlement in this unrelated case arising from an earlier incarceration. False reporting of his financial condition may result in further investigation and possible sanction.

### B. Mr. Talbert does not plead a civil rights claim against Officer Ciglar.

Congress, in 28 U.S.C. § 1915(e)(2)(B)(ii), requires we dismiss the Complaint for which we have granted *in forma pauperis* status if the plaintiff obtaining the benefit of waived filing fees fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)[15], which requires we determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[16] Conclusory statements and naked assertions will not suffice.[17] As Mr. Talbert is proceeding *pro se*, we construe his allegations liberally.[18]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law."[19] As discussed below, Mr. Talbert's Complaint does not allege a plausible claim for relief against Officer Ciglar.

3

### A. Mr. Talbert fails to plead a First Amendment retaliation claim.

To plead a First Amendment retaliation claim, Mr. Talbert must allege "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising h[is] constitutional rights and, (3) a causal link between the constitutionally protected conduct and the retaliatory action."[20] With respect to the third prong, to establish the required causal connection the plaintiff must allege either "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link."[21] Moreover, to establish a causal connection, a plaintiff must allege the defendant was aware of the protected conduct.[22]

Mr. Talbert alleges Officer Ciglar retaliated against him for filing a petition for post-conviction relief and the filing of such a petition is constitutionally protected conduct.[23] Mr. Talbert fails to plead sufficient facts to meet the second and third prongs of a retaliation claim. Mr. Talbert fails to plead facts suggesting Officer Ciglar retaliated against him by threatening to have him arrested **after** he filed his petition for post-conviction relief. Instead, as plead, Mr. Talbert filed his petition after Officer Ciglar allegedly threatened to have him arrested if he failed to report on June 15, 2018. Moreover, nothing in the Complaint suggests Officer Ciglar's awareness of Mr. Talbert's petition for post-conviction relief. Mr. Talbert fails to plead a plausible retaliation claim against Officer Ciglar.

### B. Mr. Talbert fails to plead an abuse of process claim.

Mr. Talbert also vaguely alleges Officer Ciglar committed abuse of process by harassing and threatening him with arrest. Our court of appeals instructs "a section 1983 claim for

malicious abuse of process lies where 'prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law."[24] The focus of an abuse of process claim:

> is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends. Cognizable injury for abuse of process is limited to the harm caused by the misuse of process, and does not include harm (such as conviction and confinement) resulting from that process's being carried through to its lawful conclusion. Thus, one could no more seek compensatory damages for an outstanding criminal conviction in an action for abuse of process than in one for malicious prosecution.[25]

To establish an abuse of process claim, "there must be some proof of a definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of [the] process."[26]

Mr. Talbert does not suggest let alone plead Officer Ciglar misused process. He fails to plead Officer Ciglar actually issued a warrant for his arrest "for a purpose other than that intended by the law."[27] Rather, Mr. Talbert vaguely suggests Officer Ciglar threatened to have him arrested if he did not report on June 15, 2018. Mr. Talbert fails to plead a plausible abuse of process claim against Officer Ciglar.

## III. Conclusion

We grant Mr. Talbert leave to proceed *in forma pauperis* and will dismiss his Complaint for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Our dismissal is without prejudice to Mr. Talbert's right to file an amended complaint if he can consistent with his obligations under Fed.R.Civ.P. 11.

---

[1] ECF Doc. No. 1.

[2] *Commonwealth v. Talbert*, No. CP-51-CR-0001620-2018 (Phila. Ct. Common Pleas).

[3] ECF Doc. No. 2, Compl. at 3 (We use the pagination assigned to Mr. Talbert's Complaint and exhibits by the CM/ECF docketing system.).

[4] *Id.* ¶ 5.

[5] *Id.* ¶ 4.

[6] *Id.* ¶ 7.

[7] *Id.* ¶ 8.

[8] *Id.* ¶ 11; *See Commonwealth v. Talbert*, No. CP-51-CR-0001620-2018 (Phila. Ct. Common Pleas).

[9] ECF Doc. No. 2, at ¶ 9.

[10] *Id.*

[11] *Id.* ¶ 10.

[12] *Id.*

[13] *Id.* ¶ 12.

[14] *Id.*

[15] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[17] *Id.*

[18] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[19] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[20] *Leibert v. Phila. Hous. Auth.*, 474 F. App'x 76, 78-79 (3d Cir. 2012) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)).

[21] *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *See Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) ("[T]he timing of the alleged retaliatory action must be unusually suggestive of retaliatory motive before a causal link will be inferred.").

[22] *Hammond v. City of Wilkes Barre*, 628 F. App'x 806, 807 (3d Cir. 2015).

[23] *See Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997) (noting an individual's constitutional right of access to the court is protected by the First Amendment).

[24] *Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989) (quoting *Jennings v. Shuman*, 567 F.2d 1213, 1217 (3d Cir. 1977)).

[25] *Heck v. Humphrey*, 512 U.S. 477, 486 n.5 (1994).

[26] *Ference v. Twp. of Hamilton*, 538 F. Supp. 2d 785, 798 (D.N.J. 2008) (citations and internal quotation marks omitted).

[27] *Rose*, 871 F.2d at 350 n.17.