# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES TALBERT | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 18-2518 |
| | : | |
| RACHAEL CIGLAR | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                   **February 15, 2019**

Depending on the crime, a judge may sentence the convicted defendant to probation in lieu of jail time. If the judge finds probation warranted, she will set specific terms for probation including reporting to the probation officer for status updates. Our society, through the criminal justice system, relies upon the state probation officers to monitor persons on probation and enforce court sentences. Failure to honor probation terms may result in a judge revoking probation after hearings and sentencing the convicted defendant to jail. When a citizen fails to comply with his probation obligations including to report, he should expect the probation officer may seek a bench warrant to return him to the judge for a hearing on violating probation. Otherwise, the convicted defendant may ignore the penalty for his crime. We today address frequent civil rights litigant Charles Talbert's challenge to a thirty-day jail sentence imposed by a state court judge for violating a probation sentence by failing to report to the probation officer. Charles Talbert now sues his probation officer claiming her arrest of him for violating probation violates his First, Fourth and Fourteenth Amendment rights because she lacked probable cause. We must dismiss his claims seeking to overturn final findings in the state criminal court. He also fails to state a claim in this third attempt at suing his probation officer in this Court and we dismiss his second amended complaint with prejudice.

I.  **Background**

On June 6, 2018, a Pennsylvania state court found Charles Talbert guilty of harassment and the state court judge sentenced him to three months of probation.[1] The state court judge ordered Mr. Talbert to attend Narcotics Anonymous or Alcoholics Anonymous meetings at least two times a week and to report to Probation Officer Rachael Ciglar of the Adult Probation/Parole Department.[2]

Less than two weeks later, Mr. Talbert *pro se* sued Officer Ciglar for First Amendment retaliation and abuse of process alleging Officer Ciglar threatened to have him arrested if he did not report to her office on June 15, 2018[3] in retaliation for filing a petition for post-conviction relief and challenging whether his probation terms required him to report to Officer Ciglar's office. We granted him leave to proceed *in forma pauperis*. As it is Officer Ciglar's job to advise Mr. Talbert of the consequences of failing to honor probation terms, we dismissed his complaint without prejudice for failure to state a claim and permitted leave for Mr. Talbert to file an amended complaint consistent with Fed.R.Civ.P. 11.[4] Mr. Talbert filed an amended complaint to add the Chief Probation Officer of the Adult Probation/Parole Department.[5] One week later Mr. Talbert filed a motion for emergency relief requesting this Court order Officer Ciglar to withdraw a bench warrant she requested from the state court because Mr. Talbert violated his probation.[6] We denied Mr. Talbert's motion on July 16, 2018, as we must not intervene with state court criminal proceedings.[7]

On July 30, 2018, the state court judge revoked Mr. Talbert's probation for violating its terms and sentenced him to thirty-days incarceration.[8] Three days later, Mr. Talbert requested leave to file a second amended complaint adding additional claims against Officer Ciglar and

2

dismissing the Chief Probation Officer.[9] We granted his motion and Mr. Talbert filed a Second Amended Complaint.[10]

In his third attempt at a complaint, Mr. Talbert now alleges Officer Ciglar misused the state court's process by issuing a bench warrant for his arrest in retaliation for Mr. Talbert exercising his First Amendment right to file this case against her.[11] Officer Ciglar "misrepresented material facts in order to obtain the arrest warrant, by stating that [Mr. Talbert] didn't sign the 'rules of probation' correctly, when [Mr. Talbert] did."[12] Officer Ciglar's alleged misrepresentations caused him to be falsely arrested and imprisoned under "inhumane conditions" for approximately two weeks in violation of the Fourth and Fourteenth Amendments.[13] Mr. Talbert seeks compensatory, punitive, exemplary and "aggravated" damages from Officer Ciglar.[14]

## II. Analysis

Officer Ciglar moves to dismiss Mr. Talbert's second amended complaint arguing (1) his claims are barred by the *Heck* doctrine and (2) Mr. Talbert fails to plausibly plead facts to support the claims.[15]

To survive dismissal, a plaintiff enjoying *in forma pauperis* status must satisfy 28 U.S.C. § 1915(e)(2)(B)(ii), the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[16] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[17] Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.[18]

An individual may sue state actors for violating constitutional rights under 42 U.S.C. § 1983.[19] He must allege a person acting under color of state law engaged in conduct violating a right protected by the Constitution or laws of the United States.[20]

3

## A. The *Heck* doctrine bars Mr. Talbert's claims against Officer Ciglar.

Officer Ciglar argues Mr. Talbert's claims should be dismissed as barred by the *Heck* doctrine or, more specifically, the state court's revocation of Mr. Talbert's probation. In *Heck v. Humphrey,* the Supreme Court held "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus."[21] In other words, where "success in [the] action would necessarily demonstrate the invalidity of confinement or its duration," we must dismiss.[22]

Our Court of Appeals applies *Heck* to claims against probation and parole officers relating to revocation and denial proceedings.[23] In *Williams v. Consovoy,* the plaintiff instituted a § 1983 action against his parole officer, after the revocation of his parole, alleging the officer "seized him without probable cause and caused him to be arrested and falsely incarcerated."[24] The officer arrested the plaintiff for technical violations of his parole including his failure to obtain approval to change his employment and residence.[25] Our Court of Appeals affirmed the district court dismissing the case because finding for the plaintiff in his § 1983 claims against the parole officer would necessarily demonstrate the invalidity of the revocation decision, which had not been rendered invalid.[26]

Each of Mr. Talbert's claims in this action stem from his belief he did not violate the rules of his state court probation. The state court judge disagreed. Mr. Talbert has not appealed this ruling in state court. His probation violation conviction stands. Mr. Talbert does not prove favorable termination of his probation violation conviction, and review of his public record criminal docket does not indicate it has been reversed, expunged, declared invalid, or called into

4

question by a writ of habeas corpus.²⁷ Like *Williams,* to find in favor of Mr. Talbert on his claim against Officer Ciglar would "necessarily demonstrate the invalidity" of the state court's conviction for a probation violation.²⁸ Because Mr. Talbert has not satisfied the favorable termination requirement under *Heck* and a finding in his favor here would necessarily demonstrate the invalidity of the state court's conviction, we must dismiss Mr. Talbert's second amended complaint with prejudice.

### B. Mr. Talbert fails to state a plausible claim.

Even if *Heck* did not apply, Mr. Talbert's complaint fails to state a plausible claim to relief. In liberally construing Mr. Talbert's complaint, he alleges claims under the First, Fourth, and Fourteenth Amendments: false arrest, false imprisonment, malicious prosecution, retaliation, abuse of process, and equal protection.²⁹ Officer Ciglar argues Mr. Talbert does not plausibly plead facts to support his conclusory claims.

#### i. Mr. Talbert fails to plead First Amendment retaliation.

Mr. Talbert initially alleged Officer Ciglar retaliated against him for filing a petition for post-conviction relief and challenging whether his probation required him to report to her office by threatening to have Mr. Talbert arrested if he did not report. We found those allegations insufficient to establish a retaliation claim.

Mr. Talbert now asserts Officer Ciglar retaliated against him for filing this case. To establish a First Amendment retaliation claim, Mr. Talbert must allege "(1) he engaged in First Amendment protected activity, (2) the defendant took adverse action sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the adverse action was prompted by the plaintiff's protected activity."³⁰

5

Mr. Talbert again does not satisfy the second and third prongs of a retaliation claim. In his third attempt, Mr. Talbert again fails to plead facts showing an adverse action taken by Officer Ciglar in response to his filing this action against her. To the extent Mr. Talbert would argue his arrest constituted Officer Ciglar's adverse action, Mr. Talbert alleged in his original complaint Officer Ciglar advised he would be arrested if he did not report to her office. He sued her for this notice. As he judicially admitted, Officer Ciglar provided notice of the result for failing to honor probation. There is no plausible basis to find a First Amendment claim because Officer Ciglar arrested Mr. Talbert for violating probation after he sued her for telling him he would be arrested if he violated probation.

### ii. Mr. Talbert fails to state claims for false arrest, false imprisonment, and malicious prosecution.

Mr. Talbert *pro se* alleges (in different variations) Officer Ciglar acted without probable cause resulting in a false arrest, false imprisonment, and malicious prosecution.[31] We address Mr. Talbert's claims for false arrest, false imprisonment, and malicious prosecution under the Fourth and Fourteenth Amendments together because absent proof Officer Ciglar revoked his probation without probable cause, all of the claims must be dismissed.[32] Mr. Talbert does not allege claims for false arrest, false imprisonment, or malicious prosecution under state law but similar to federal law, they require a lack of probable cause.[33]

Mr. Talbert fails to plead facts showing Officer Ciglar revoked his probation without probable cause. Rather, Mr. Talbert's criminal docket confirms probable cause existed for revoking his probation. Mr. Talbert had ample opportunity to allege the absence of probable cause in his *Gagnon* hearings at the state level.[34] We cannot consider his attempt to re-litigate the the state court judge's finding of probable cause.[35] Because Mr. Talbert cannot prove the absence of

6

probable cause, he cannot establish false arrest, false imprisonment, and malicious prosecution against Officer Ciglar.

### iii. Mr. Talbert fails to plead a violation of Fourteenth Amendment abuse of process.

We previously considered and dismissed Mr. Talbert's abuse of process claim.[36] "[A] section 1983 claim for malicious abuse of process lies where 'prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law."[37] To establish an abuse of process claim, "there must be some proof of a definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of [the] process."[38]

Mr. Talbert again fails to allege facts suggesting the Commonwealth initiated the prosecution legitimately and then used for a purpose other than intended by the Law. Mr. Talbert instead argues Officer Ciglar improperly initiated the revocation proceedings simply because, in his view, he did not violate probation. Though Mr. Talbert alleges Officer Ciglar "misused the court's process by issuing a bench warrant for Plaintiffs' arrest, for a purpose other than that intended by law", threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.[39]

Mr. Talbert fails to plead a plausible claim for abuse of process under the Fourteenth Amendment against Officer Ciglar.

### iv. Mr. Talbert fails to plead a violation of Fourteenth Amendment equal protection.

Mr. Talbert alleges Officer Ciglar violated his Fourteenth Amendment right to equal protection of the law.[40] "To bring a successful equal protection claim under § 1983, a plaintiff must prove the existence of purposeful discrimination, and demonstrate that he was treated differently from individuals similarly situated."[41]

7

Mr. Talbert alleges Officer Ciglar "intentionally, and maliciously, treated [Mr. Talbert] differently than others similarly situated, therefore violating [Mr. Talbert's] Fourteenth Amendment right to equal protection of the law.[42] Mr. Talbert fails to plead facts showing Officer Ciglar purposely discriminated against him. Nor does Mr. Talbert allege facts showing Officer Ciglar treated him differently from similarly situated individuals. After three attempts, Mr. Talbert fails to refer to other individuals. Mr. Talbert fails to plead an equal protection claim under the Fourteenth Amendment.

## III. Conclusion

We dismiss Mr. Talbert's second amended Complaint with prejudice under *Heck v. Humphrey* and because he fails to plead a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). We deny Officer Ciglar's request to revoke Mr. Talbert's *in forma pauperis* status as moot.

---

[1] ECF Doc. No. 25-5 at 5; *see Commonwealth v. Talbert*, No. CP-51-CR-0001620-2018 (Phila. Ct. Common Pleas).

[2] *Id.*

[3] ECF Doc. No. 2.

[4] ECF Doc. No. 5.

[5] *See* ECF Doc. No. 10.

[6] *See* ECF Doc. No. 12.

[7] *See* ECF Doc. No. 13.

[8] ECF Doc. No. 25-5 at 9-11.

[9] *See* ECF Doc. No. 15.

[10] ECF Doc. No. 17.

[11] *Id.* at ¶¶ 3-4.

[12] *Id.* at ¶ 6.

[13] *See id.*

[14] *Id.*

[15] *See* ECF Doc. No. 25.

[16] *Rhoads v. Md. Judiciary*, 546 Fed. Appx. 91, 93 (3d Cir. 2013)

[17] *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).

[18] *Ashcroft*, 556 U.S. at 678. (quotations omitted).

[19] *Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 235 (3d Cir. 2014).

[20] *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (citing *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quotations omitted)).

[21] *Bronowicz v. Allegheny Cnty.*, 804 F.3d 338, 344 (3d Cir. 2015) (quoting *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) (internal quotation marks and alteration omitted); *see also Floyd v. AG of Pennsylvania*, 722 Fed. Appx. 112, 114 (3d Cir. 2018); *Chapman v. Pennsylvania*, 82 Fed. Appx. 59, 63-64 (3d Cir. 2003). The favorable termination requirement "precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Heck*, 512 U.S. at 484.

[22] *Id.* at 344 (quoting *Wilkinson v. Dotson,* 544 U.S. 74, 82 (2005)).

[23] *McBride v. O'Brien*, 646 Fed. Appx. 277, 278 (3d Cir. 2016) (citing *Williams v. Consovoy,* 453 F. 3d 173, 177 (3d Cir. 2006)); *Lyszkowski*, 686 Fed. Appx. at 91 (citation omitted).

[24] *Williams,* 453 F. 3d at 177 (citing *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)).

[25] *Id.* at 175.

[26] *Id.* at 177.

[27] According to Mr. Talbert's criminal docket, which we may consider as a matter of public record, the state court dismissed his petition for post-conviction relief on the harassment conviction on September 5, 2018. *See Commonwealth v. Talbert*, No. CP-51-CR-0001620-2018 (Phila. Ct. Common Pleas). Although Mr. Talbert did not pursue habeas relief and it is no longer available because he has been released from incarceration, it does not alter his obligation to satisfy the

favorable termination requirement. *See Deemer v. Beard*, 557 Fed. Appx. 162, 167 (3d Cir. 2014); *Williams*, 453 F.3d at 178; *Gilles v. Davis*, 427 F.3d 197, 210 (3d Cir. 2005).

[28] *Williams*, 453 F. 3d at 177 (3d Cir. 2006) ("[t]he threshold question becomes whether [plaintiff's] success on his § 1983 action would 'necessarily demonstrate' the invalidity of the [] decision to revoke his parole, which would in turn render his § 1983 action uncognizable under *Heck*").

[29] We liberally construe a *pro se* plaintiff's complaint. *Benhenni v. Bayesian Efficient Strategic Trading, LLC*, 692 Fed. Appx. 95, 95 (3d Cir. 2017) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

[30] *Rossiter v. City of Philadelphia*, 674 Fed. Appx. 192, 196 (3d Cir. 2016) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).

[31] *See* ECF Doc. 17.

[32] *Heilman v. T.W. Ponessa & Assoc.*, No. 08-1667, 2009 WL 82707, *3 (3d Cir. Jan. 14, 2009). To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause. *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (quotation marks omitted). To bring a claim for false imprisonment, which originates from an arrest without probable cause, "a plaintiff must establish: (1) that was detained; and (2) that the detention was unlawful." *Id.* at 682-83. "To prove malicious prosecution under [§] 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

[33] *Cherkas v. White*, No. 17-4498, 2018 WL 1991738, *2 (E.D. Pa. Apr. 27, 2018). The probable cause analysis is the same for both federal and state-law claims so an inquiry as to Mr. Talbert's false arrest, false imprisonment, and malicious prosecution claims would be identical under either. *Id.*

[34] *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationer is entitled to a preliminary and final revocation hearing before revoking probation); *See Commonwealth v. Heilman*, 876 A.2d 1021, 1026 (Pa.Super. 2005). "When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made. *Id.* at *P15 (quoting *Commonwealth v. Sims*, 770 A.2d 346, 349 (Pa. Super. 2001)).

[35] *See Heilman*, 2009 WL 82707 at *3 (finding collateral estoppel bars consideration of plaintiff's false imprisonment and malicious prosecution claims because state court decided whether probable cause present).

[36] *See* ECF Doc. No. 5.

[37] *Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989) (quoting *Jennings v. Shuman*, 567 F.2d 1213, 1217 (3d Cir. 1977)).

[38] *Ference v. Twp. of Hamilton*, 538 F. Supp. 2d 785, 798 (D.N.J. 2008) (citations and internal quotation marks omitted).

[39] *Ashcroft*, 556 U.S. at 678. (quotations omitted).

[40] ECF Doc. No. 17 at ¶ 12.

[41] *Bierley v. Grolumond*, 174 Fed. Appx. 673, 676 (3d Cir. 2006); *see Spike v. Whittaker*, 553 Fed. Appx. 275. 280 (3d Cir. 2014) (equal protection claims are typically concerned with classifications that affect groups of citizens differently from others but may also be brought by individuals).

[42] ECF Doc. No. 17 at ¶ 12.